SCHOTT, Chief Judge.
In the trial court plaintiff obtained a judgment for damages resulting from a slip and fall she sustained in Winn-Dixie’s store. Winn-Dixie has appealed specifying several errors including a charge of bias against the commissioner who tried the case. Because this issue is dispositive, we do not reach the other arguments.
This case was referred for trial to a commissioner of the Civil District Court pursuant to LSA-R.S. 13:1171, now repealed by Act 8 of 1990. The commissioner heard the case on December 10, 1990 and filed his report and recommended judgment on December 27. Winn-Dixie filed exceptions to the report including the following:
Only recently undersigned counsel discovered that the Commissioner in his private practice has a suit pending against Winn-Dixie on behalf of one of his clients. That suit is entitled Andrew Norman and Maria Norman versus Winn-Dixie Louisiana, Inc., Civil District Court for the Parish of Orleans, Docket Number 90-7874. Undersigned counsel
did not have this knowledge at the time of the hearing with the Commissioner otherwise a Motion to Recuse would have been made. For the above reasons, defendant takes exception to the Report of the Commissioner and recommended judgment and moves this Court for trial de novo.
The record does not disclose what if any action was taken by the court with respect to this serious allegation. The judgment recites only that the exceptions were overruled and it is in the form recommended by the commissioner.
In this court Winn-Dixie assigns as an error the failure of the trial court to consider the bias of the trier of fact. Counsel for Winn-Dixie alleges in his brief that after the receipt of the commissioner’s report and before the deadline for filing exceptions he learned that the commissioner was representing the plaintiffs in a suit against Winn-Dixie in the same division of the same Civil District Court where the present suit was pending. He cites C.C.P. art. 151(B)(5) which provides:
A judge of any court ... may be recused when he ...
(5) Is biased, prejudiced, or interested in the cause or its outcome or biased prejudiced toward or against the parties or the parties’ attorneys to such an extent that he would be unable to conduct fair and impartial proceedings.
and he argues that he was not even given the opportunity to show that the commissioner was biased. Winn-Dixie argues that it is entitled to a new trial because of the appearance of impropriety emerging from these circumstances.
The last point is well taken. It would be difficult for an unsuccessful litigant to accept a verdict as fair when the judge in his case is prosecuting a suit against him in behalf of another plaintiff. This is especially true when, as here, there were factual and credibility issues to be resolved and quantum to be determined under the great discretion of the trial court. Because this situation reflects upon the integrity of our system of justice we have resolved to re *1275 mand the case to the trial court for a new trial.
In reaching this conclusion we have considered the possibility of remanding the case to the trial judge for the sole purpose of conducting a hearing in order to determine whether the commissioner was biased or not with the option of allowing the present judgment to stand. However, this procedure would not satisfy the demands of justice and the right of Winn-Dixie to have its case decided in an atmosphere free of the appearance of impropriety.
Accordingly, the judgment appealed from is vacated and set aside and the case is remanded to the district court for a new trial.
VACATED AND REMANDED.